UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2:20-cv-646-KCD-NPM
(consolidated)

ERIC NEWBERG,

    Plaintiff,

v.

WELLPATH RECOVERY SOLUTIONS
and MELINDA MASTERS,

    Defendants.
_____/

BILLY DEWAYNE BURR,

    Plaintiff,

v.

WELLPATH RECOVERY SOLUTIONS
and MELINDA MASTERS,

    Defendants.
_____/

CHRISTOPHER A. LORCH,

    Plaintiff,

v.

WELLPATH RECOVERY SOLUTIONS
and MELINDA MASTERS,

    Defendants.
_____/

## ORDER DISMISSING CASE

On October 22, 2025, the Court granted in part and denied in part Defendants' motion for summary judgment. (Doc. 58.) The Court directed Plaintiffs to file with the Court and serve upon Defendants a pretrial narrative statement. (*Id.* at 23.) The statement was due by December 8, 2025. The Court also advised the parties to "strongly consider settlement discussions," and to alert the Court if they engaged in such talks. The Court told Plaintiffs that, upon motion, it would consider requesting counsel to represent them at settlement discussions and/or trial. (*Id.*)

Plaintiffs did not file a pretrial narrative statement, advise that they intended to engage in settlement discussions, or seek the appointment of counsel. On December 10, 2025, the Court determined that Plaintiffs had abandoned this action and instructed them to show cause why the case should not be dismissed for failure to comply with its order. (Doc. 59.) The Court cautioned Plaintiffs that it would dismiss the case for failure to prosecute if they did not timely and satisfactorily explain their apparent abandonment of the case. (*Id.* at 2.) Plaintiffs have neither responded to the Court's order to show cause nor asked for additional time to do so.

Plaintiffs' failure to respond to the Court's order indicates that they have abandoned their remaining claims. This failure to prosecute warrants dismissal under Rule 41(b) of the Federal Rules of Civil Procedure. *See* Fed. R.

Civ. Pro. 41(b) (allowing for the involuntary dismissal of an action if the plaintiff fails to prosecute his claims or follow a court order). And dismissal under Rule 41(b) "upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice.**

2. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate any deadlines, and close this case.

**ENTERED** in Fort Myers, Florida on January 7, 2026.

_____
Kyle C. Dudek
United States District Judge